UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RANDALL GONZALEZ,<br><br>　　　　　　　Defendant. | NO. 2:18-CR-0051-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT are Defendant's Request for Transfer to Home Confinement or Compassionate Release (construed by the Court as a motion for sentence reduction under 18 U.S.C. § 3582(c)) . . . and Request for Emergency Expedited Consideration. ECF No. 85. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's request for expedited consideration is granted and request for sentence reduction is denied.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

## BACKGROUND

On May 8, 2018, Randall Gonzalez appeared before the Court and entered a plea of guilty to the Indictment filed on March 20, 2018, charging him with one count of Possession With the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841; and one count of Felon and Domestic Violence Misdemeanant in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(9). ECF Nos. 23, 24. On January 16, 2019, this Court sentenced Defendant to concurrent 87-month terms of imprisonment, followed by a 3-year term of supervised release. ECF No. 66. Defendant's projected good time credit release date is April 15, 2025.

On June 4, 2020, Defendant requested a sentence reduction from the Warden of the Sheridan FCI. ECF Nos. 83; 85 at 2; 85 at 9-12. Although the Government does not dispute that the request was sent, it "has not been able to determine whether Defendant's request was received by the warden at FCI Sheridan or whether it is still under consideration." ECF No. 87 at 10.

Thereafter, on July 22, 2020, Defendant filed the instant request seeking his early release. ECF No. 85.

Defendant represents that he is 48 years old and suffers from diabetes, C.O.P.D., asthma, and GERZ (he probably means gastroesophageal reflux disease (GERD)). ECF No. 85 at 4. He claims to have high blood pressure and takes medication for pain, has a low immune system and is at a high risk of severe

complications from the COVID-19 virus. *Id*. Defendant argues that due to his age, medical conditions, and vulnerability to the COVIC-19, extraordinary and compelling circumstances exist. *Id*. at 6. While Defendant acknowledges that the Sheridan FCI facility has only two confirmed cases of COVID-19, he complains that the Bureau of Prisons "has a well-known history of neglect in medical services for their incarcerated." *Id*. at 5.

The Government opposes release because the COVID-19 pandemic alone poses a general threat to every non-immune person and does not constitute an extraordinary and compelling reason for release. *See* ECF No. 87 at 11. Defendant has provided no medical records documenting the severity of his conditions or the current level of their control. *Id*. at 12. Additionally, the Government contends that the sentencing factors of 18 U.S.C. § 3553(a) weigh against early release. *Id*. at 13-15.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002).

However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

B. Exhaustion or Lapse of 30 days

Defendant appears to have exhausted his administrative remedies and waited 30 days after submitting his request to the warden of the institution where he is housed.

C. Extraordinary and Compelling Reasons

Defendant argues that his medical condition presents an extraordinary and compelling reason to justify a reduction in sentence. ECF No. 85. The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Defendant argues that at age 48, with his medical conditions, he is highly susceptible to coronavirus risks. Significantly, Defendant does not allege that he is currently incapacitated or that he is not receiving appropriate medical care for his illnesses.

Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society. Fear of the virus does not warrant immediate release. In this case, there are no extraordinary and compelling reasons for a reduction in sentence.

//

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)  to afford adequate deterrence to criminal conduct;
>     (C)  to protect the public from further crimes of the defendant; and
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>     (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i)  issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>         (ii)  that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>     (B)  in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

  (5) any pertinent policy statement—
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. Once again, the Court has fully considered these factors in light of the developments since sentencing. Of particular note is the nature and circumstances of the offense in this case. The underlying criminal conduct was not a simple one-time event, but rather a course of conduct involving possession and distribution of methamphetamine and possession of firearms. These are serious crimes that present a grave risk of harm to the community. The Court is obligated to protect the public from defendant's dangerous conduct.

Additionally, of concern to the Court is Defendant's significant and lengthy prior criminal history involving harassment, violation of protection orders, and domestic violence.

The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the

seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  Even with recent COVID-19 developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

## CONCLUSION

Although Defendant's health condition is unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction, nor do the sentencing factors the Court must consider.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's request for expedited consideration is **granted**.

2. Defendant's construed Motion for Sentence Reduction, ECF No. 85, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** August 17, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 9