UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>RANDALL GONZALEZ,<br><br>　　　　　　　　Defendant. | NO. 2:18-CR-0051-TOR-1<br><br>FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's fourth Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 100. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's fourth request for release is denied.

## BACKGROUND

On May 8, 2018, Randall Gonzalez appeared before the Court and entered a plea of guilty to the Indictment filed on March 20, 2018, charging him with one count of Possession With the Intent to Distribute Methamphetamine, in violation of

21 U.S.C. § 841; and one count of Felon and Domestic Violence Misdemeanant in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(9). ECF Nos. 23, 24. On January 16, 2019, this Court sentenced Defendant to concurrent 87-month terms of imprisonment, followed by a 3-year term of supervised release. ECF No. 66. Defendant's projected good time credit release date is April 15, 2025.

On June 4, 2020, Defendant requested a sentence reduction from the Warden of the Sheridan FCI. ECF Nos. 92 at Ex. C. On July 22, 2020, Defendant filed his first motion seeking his early release. ECF No. 85. The Court denied the motion on August 17, 2020. ECF No. 88.

On January 11, 2021, Defendant filed his Second Motion for Reduction in Sentence. ECF No. 92. Defendant represented that he was 49 years old and suffers from diabetes, C.O.P.D., asthma, high blood pressure, sleep apnea, and suffers from gastroesophageal reflux disease (GERD), as well as nerve damage to his legs from a car accident in 2010. ECF No. 92 at 3. He claimed that the diabetes, C.O.P.D., asthma, and high blood pressure place him in a high-risk category of death in the event he was to contract coronavirus, according to the CDC guidelines. *Id*. Defendant contended the Court should consider his rehabilitation, his enrollment in the GED program, his excellent work history, and that there is no concern that he would be a danger to the public if released. *Id*. at 4. Defendant concluded that these factors and the current COVID-19 pandemic

FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

1  constitute extraordinary and compelling circumstances for his release. *Id*.

2  The Government opposed release because the COVID-19 pandemic is global
3  in nature and not restricted to the BOP. ECF No. 94. The Government contended
4  Defendant will face risks from illness wherever he goes and that rehabilitation
5  alone does not warrant release. Defendant's medical conditions were well-
6  controlled at that time.

7  On March 5, 2021, the Court declined to exercise its discretion to reduce
8  Defendant's sentence because extraordinary and compelling reasons did not
9  warrant such a reduction, nor did the sentencing factors the Court must consider.
10 ECF No. 97.

11 Defendant immediately filed his Third Motion for Reduction in Sentence on
12 March 12, 2021. ECF No. 98. The Court denied the Third Motion for the same
13 reasons previously ordered at ECF No. 97, because it was identical to his Second
14 Motion for Reduction in Sentence (ECF No. 92 ). ECF No. 99.

15 On December 7, 2021, Defendant has now filed this fourth Motion for
16 Sentence Reduction. ECF No. 100.

## DISCUSSION

### A. Eligibility for Compassionate Release

19 Federal courts have the statutory authority to modify an imposed term of
20 imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)

FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE
SENTENCE ~ 3

or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant

poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

### B. Exhaustion or Lapse of 30 days

Defendant attached a November 16, 2021 letter to the warden of the institution where he is housed, requesting release. ECF No. 100 at 16-17. Thirty-days has not elapsed, nor does he provide a denial letter from the Warden. Accordingly, Defendant has not exhausted his administrative remedies and this motion for release is not properly before the Court.

### C. Extraordinary and Compelling Reasons

The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that

FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases). The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Thus, "district courts are empowered . . . to consider any

FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6

extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

Defendant, now age 50, again argues that his medical conditions provide extraordinary and compelling circumstances to warrant his release. Again, he claims to suffer from diabetes, C.O.P.D., asthma, high blood pressure, sleep apnea, gastroesophageal reflux disease (GERD), as well as nerve damage to his legs from a car accident in 2010. Defendant claims that he is at a greater risk for medical complications were he to contract COVID-19.

Significantly, Defendant does not allege that he is currently incapacitated or that he is not receiving appropriate medical care for his medical conditions. Whether Defendant is housed in prison or detained at home, the virus continues to spread throughout society. Over 750,000 people have now died in the United States, the vast majority of which were not housed in a prison. Fear of the virus does not warrant immediate release. In this case, there are no extraordinary and compelling reasons for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>     (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>     (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement—
>   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

      (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. Once again, the Court has fully considered these factors in light of the developments since sentencing. Of particular note is the nature and circumstances of the offense in this case. The underlying criminal conduct was not a simple one-time event, but rather a course of conduct involving possession and distribution of methamphetamine and possession of firearms. These are serious crimes that present a grave risk of harm to the community. The Court is obligated to protect the public from defendant's dangerous conduct.

Additionally, of concern to the Court is Defendant's significant and lengthy prior criminal history involving harassment, violation of protection orders, and domestic violence.

The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent COVID-19 developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of

FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 9

sentencing.

Furthermore, rehabilitation alone does not constitute an extraordinary and compelling circumstance.  See 28 U.S.C. § 994(t).

## CONCLUSION

Defendant's good conduct and successful rehabilitative activities are all commendable, but do not alone warrant early release.  28 U.S.C. § 994(t). Defendant did not properly exhaust his administrative remedies prior to filing this motion.  In any event, although Defendant's medical conditions are unfortunate, the Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction, nor do the sentencing factors the Court must consider.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's fourth Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 100, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** December 10, 2021.



THOMAS O. RICE
United States District Judge

FOURTH ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 10